THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* STANLEY KOZANOWSKI, Defendant.

City Court of Buffalo, February 4, 1930.

*William B. Mahoney*, for the plaintiff.

*Sidney B. Pfeifer*, for the defendant.

McLAUGHLIN, J.   The defendant in the above-entitled action was arrested and charged with violation of section 18 of the General City Law (added by Laws of 1911, chap. 252, as amd. by Laws of 1916, chap. 184), which relates to licenses for the operation of moving picture machines.

From the testimony introduced by the People, the defendant was the owner of a moving picture theatre, and on the night in question the moving picture operator had been withdrawn by the union, and the owner said he could not get another operator and could not leave his house in darkness, and, while operating the machine himself, was arrested for violation of the above section; and, at the close of the People's case, the attorney for the defendant made a motion for the discharge of the defendant on the ground that section 18 of the General City Law (added by Laws of 1911, chap. 252, as amd. by Laws of 1916, chap. 184) was unconstitutional.

A statute passed pursuant to the police power should be reasonable. A statute cannot, under the guise of police power, effect

some purpose not within such power, and arbitrarily interfere with a person or his property rights. The statute under consideration unnecessarily interferes in several particulars with that liberty of person and property guaranteed by the Constitution of the United States as set forth in section 1 of the Fourteenth Amendment.

Where a statute has two constructions, one of which will make the act in violation of the Constitution, and, if by the other, the act can be sustained as a proper exercise of legislative power, that construction should be given, assuming that the Legislature was mindful of its constitutional limitations and passed a constitutional and not an unconstitutional act, but, in the case at bar, if one is unconstitutional, the other must necessarily follow.

The first part of the section to be considered reads as follows: "A license shall not be granted to an applicant unless he shall have served as an apprentice under a licensed operator, for a period of not less than six months prior to the date of the application; the application must be made in writing, and contain a verified statement to that effect; it must be accompanied by the affidavit of the licensed operator to the same effect." This part of the statute has been declared unconstitutional in *People ex rel. Gibelman* v. *Thompson* (146 App. Div. 941) on the authority as laid down in the case of *People* v. *Ringe* (197 N. Y. 143).

In considering the second part of the section, which reads as follows: " The applicant shall be given a practical examination under the direction of the officer required to issue such license and if found competent as to his ability to operate moving picture apparatus and its connections shall receive within six days after such examination a license as herein provided "— this part of the section must be read with the first part, and, if the first is bad, the second must necessarily follow. Assuming that the applicant could pass a practical examination, he could not receive a license unless he complied with the first part; and, following this, the act further provides: " Such license may be revoked or suspended at any time by the officer issuing the same." I am of the opinion that this is also directly in violation of section 1 of the Fourteenth Amendment of the Constitution of the United States, depriving a person of his property without due process of law.

If the applicant for a license was permitted to serve an apprenticeship of not less than six months or otherwise acquire necessary training and experience in the operation of moving picture machines or apparatus, and before having his license revoked or suspended for a just cause have a right to a hearing, then I would be of the opinion that this statute was constitutional.

The statute under consideration unnecessarily interferes with the

liberty of person and property, as it requires unreasonable requirements before a license can be secured. The applicant must serve as an apprentice under a licensed operator for a period of not less than six months prior to the date of the application. It makes a particular form of acquiring skill and knowledge essential, and forfeits the right to count the time so engaged in that particular education at each time when there is a break in the continuity of the service. If the applicant is fortunate enough in obtaining a license and employment in his occupation as an operator, the officer who issued the license may without cause or reason arbitrarily revoke and cancel the license without giving the operator an opportunity to be heard.

I am of the opinion that section 18 of the General City Law is unconstitutional, and the defendant is hereby discharged.